IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

RAMON MURILLO, ALEX GAMIO, CARLOS MURILLO, NELSON, ANDINO, and ANGEL MURILLO, and all other similarly situated under 29 U.S.C. §216(b)

    Plaintiff(s),

v.

ORBALLO STUDIO, LLC f/k/a DESIGN E'TE, LLC, a Florida for profit Corporation, MARIBEL MUNIZ, an individual, and JOAO CARLOS ROCHA, an individual,

    Defendants.
_____/

CASE NO.:

## **COMPLAINT**

1. Plaintiffs, RAMON MURILLO, ALEX GAMIO, CARLOS MURILLO, NELSON, ANDINO, and ANGEL MURILLO, on behalf of themselves and all others similarly situated, bring this collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), for wage violations arising out of Defendants' intentional misclassification of their employees as Independent Contractors and unpaid overtime wages in violation of the FLSA.

2. This action is brought by Plaintiffs as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA on behalf of Plaintiffs and all other current and former employees similarly situation to Plaintiffs ("the asserted class") and who worked more than forty (40) hours during one or more weeks on from March 2023 through August 2023 (the "material time"), without being adequately compensated.

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the FLSA claims pursuant to 28 U.S.C. §1331, and 29 U.S.C. 201 *et. seq*.

4. Venue is proper in this Court because Defendant, ORBALLO STUDIO, LLC f/k/a DESIGN E'TE LLC (hereinafter ORBALLO) has its primary place of business in Miami-Dade County, Florida and Defendants conduct business in Miami-Dade County, where this Court sits, and because the events, acts, and omissions giving rise to this lawsuit occurred in Miami-Dade County, Florida.

## PARTIES

5. RAMON MURILLO is an adult who resides in Miami-Dade County, Florida. RAMON MURILLO worked for ORBALLO as a Lead Carpenter from March 17, 2023 to August 11, 2023. In this role, RAMON MURILLO used equipment that was involved in interstate commerce for ORBALLO. RAMON MURILLO is a covered employee within the meaning of the FLSA. RAMON MURILLO's terms and conditions of employment were subjected to the direct control, oversight, by owner/director MARIBEL MUNIZ and manager JOAO CARLOS ROCHA.

6. CARLOS MURILLO is an adult who resides in Miami-Dade County, Florida. CARLOS MURILLO worked for ORBALLO as an Installer from March 17, 2023 to August 11, 2023. In this role, CARLOS MURILLO used equipment that was involved in interstate commerce for ORBALLO. CARLOS MURILLO is a covered employee within the meaning of the FLSA. CARLOS MURILLO's terms and conditions of employment were subjected to direct control, oversight, by owner/director MARIBEL MUNIZ and manager JOAO CARLOS ROCHA.

7. ALEX GAMIO is an adult who resides in Miami-Dade County, Florida. ALEX GAMIO worked for ORBALLO as an Installer from April 17, 2023 to August 31, 2023. In this role, ALEX GAMIO used equipment that was involved in interstate commerce for ORBALLO. ALEX GAMIO is a covered employee within the meaning of the FLSA. ALEX GAMIO's terms and conditions of employment were subjected to direct control, oversight, by owner/director MARIBEL MUNIZ and JOAO CARLOS ROCHA.

8. NELSON ANDINO is an adult who resides in Miami-Dade County, Florida. Plaintiff worked for ORBALLO as an Installer from March 17, 2023 to August 11, 2023. In this role, NELSON ANDINO used equipment that was involved in interstate commerce for ORBALLO. NELSON ANDINO is a covered employee within the meaning of the FLSA. NELSON ANDINO's terms and conditions of employment were subjected to the direct control, oversight, by owner/director MARIBEL MUNIZ and manager JOAO CARLOS ROCHA.

9. ANGEL MURILLO is an adult who resides in Miami-Dade County, Florida. ANGEL MURILLO worked for ORBALLO as a Carpenter's Assistant from on or about April 4, 2023 to on or about August 27, 2023. In this role, ANGEL MURILLO used equipment that was involved in interstate commerce for ORBALLO. ANGEL MURILLO is a covered employee within the meaning of the FLSA. ANGEL MURILLO's terms and conditions of employment were subjected to the direct control, oversight, by owner/director MARIBEL MUNIZ and manager JOAO CARLOS ROCHA.

10. During their employment with ORBALLO, Plaintiffs used equipment and tools that had been transported in interstate commerce.

11. Defendant, ORBALLO, is a for profit limited liability company formed and organized under the laws of Florida, that installs cabinetry and does other construction related

work. ORBALLO was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A).

    a.    ORBALLO had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce.

    b.    ORBALLO uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions.

    c.    ORBALLO installs cabinets that have been shipped in interstate and even from foreign suppliers in Spain.

    d.    Defendant has tools and equipment that have traveled through interstate commerce and requires its employees to use materials that have traveled through interstate commerce.

    e.    Upon information and belief, the combined annual gross revenue of the Employer/Defendant was at all times in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

12.    Defendant, MARITZA MUNIZ, is an owner and officer ORBALLO and controlled the terms and conditions of Plaintiffs' work, including but not limited to the misclassification of Plaintiffs as independent contractors and overtime violations alleged herein. MARITZA MUNIZ exercised control over the nature and structure of Plaintiffs' employment relationship with ORBALLO. Thus, MARITZA MUNIZ is an "employer" as defined in the FLSA.

13.    Defendant, JOAO CARLOS ROCHAS, is a manager of ORBALLO and controlled the terms and conditions of Plaintiffs' work, including but not limited to the overtime violations

alleged herein. JOAO CARLOS ROCHAS exercised control over the day-to-day operations of the business and Plaintiffs's employment with ORBALLO. Thus, JOAO CARLOS ROCHAS is an "employer" as defined in the FLSA.

14. Defendants controlled the means and manner of Plaintiffs and other carpenters and installers performed work for Defendants, including but not limited to the following:

    a. Plaintiffs and the other workers worked the hours set by Defendants and had no input on the work performed or assignments accepted;

    b. Required Plaintiffs to use Defendants' tools and equipment;

    c. Required Plaintiffs to wear a uniform that ORBALLO provided;

    d. Required Plaintiffs to use a vehicle provided by the Company;

    e. Required Plaintiffs to use a company vehicle for deliveries;

    f. Required Plaintiffs to keep track of the hours he worked for Defendants;

    e. Required adherence to Defendant's rules and standards for operation and performance of job; and

    f. Controlling and setting Plaintiffs' pay.

## FACTUAL ALLEGATIONS

15. Defendants classified Plaintiffs as an independent contractor.

16. Plaintiffs worked for ORBALLO and for all intents and purposes, Plaintiffs were an employee of ORBALLO and misclassified as an independent contractor.

17. There are several other individuals who are similarly misclassified.

18. Plaintiffs were never paid 1.5 times their hourly rate for the hours he worked, over 40 hours in a week.

5

19. Plaintiffs tracked their hours and would submit the hours worked to Defendants for payment.

20. Defendants were in absolute control of their schedule and activities.

21. Defendants knew the hours that Plaintiffs and other similarly situated individuals were working.

22. Therefore, Defendants willfully failed to pay Plaintiffs overtime wages, at the rate of time and a half their regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1983 (29 USC 207(a)(1)).

23. As a result of Defendants, reckless disregard of the laws, Plaintiffs had to hire counsel to bring this lawsuit.

24. Plaintiffs seek to recover unpaid overtime wages for every hour worked over 40 during their employment, liquidated damages, and any other relief as allowable by law.

*Plaintiff Ramon Murillo's Overtime Violations*

25. RAMON MURILLO worked for Defendants as a Lead Carpenter from on or about March 17, 2023 to August 11, 2023.

26. RAMON MURILLO's hourly rate was $62.75 per hour and his overtime rate was $94.13 per hour.

27. During this time RAMON MURILLO regularly worked more than 40 hours per week.

28. RAMON MURILLO regularly worked between 46 and 56 hours per week.

29. Although MARITZA MUNIZ originally agreed to pay RAMON MURILLO $50 per hour for every hour he worked in excess of 40 hours, this changed when he was owed three

6

weeks of pay. Thus, RAMON MURILLO was not paid his overtime rate for any hours he worked in excess of 40 hours each week as required by the FLSA.

30. Accordingly, RAMON MURILLO is owed approximately **$21,744.03** ($94.13 x 11 hours x 21 weeks) in unpaid overtime wages.

*Plaintiff, Alex Gamio's Overtime Violations*

31. ALEX GAMIO worked for Defendants as an Installer from about April 17, 2023 to August 31, 2023.

32. During this time ALEX GAMIO regularly worked more than 40 hours per week.

33. ALEX GAMIO regular hourly rate of pay for all hours worked was $25.00. and, as such, his overtime rate is $37.50.

34. ALEX GAMIO worked approximately between 46 and 56 hours per week.

35. ALEX GAMIO was not paid time and a half for any hours worked in excess of 40 hours each week as required by the FLSA. Rather, ALEX GAMIO was paid all his hours at a regular rate.

36. Accordingly, ALEX GAMIO is owed approximately **$2,612.50** ($12.50 x 11 hours x 19 weeks) in unpaid overtime wages.

*Plaintiff, Carlos Murillo's Overtime Violations*

37. CARLOS MURILLO worked for Defendants as an Installer from on or about March 17, 2023 to August 11, 2023.

38. During this time CARLOS MURILLO regularly worked more than 40 hours per week.

39. CARLOS MURILLO regular hourly rate of pay for all hours worked was $25.50 and his overtime rate was $38.25.

40. CARLOS MURILLO worked between 46 and 56 hours per week.

41. CARLOS MURILLO was not paid time and a half for any hours worked in excess of 40 hours each week as required by the FLSA.

42. Accordingly, CARLOS MURILLO is owed approximately **$8,835.75** ($38.25 x 11 hours x 21 weeks) in unpaid overtime wages.

*Plaintiff, Nelson Andino's Overtime Violations*

43. NELSON ANDINO worked for Defendants as an Installer from on or about March 17, 2023 to August 11, 2023.

44. During this time NELSON ANDINO regularly worked more than 40 hours per week.

45. NELSON ANDINO regular hourly rate of pay for all hours worked was $31.25 and his overtime rate was $46.88.

46. NELSON ANDINO regularly worked between 42 and 56 hours per week.

47. NELSON ANDINO was not paid time and a half for any hours worked in excess of 40 hours each week as required by the FLSA.

48. Accordingly, NELSON ANDINO is owed approximately **$8,860.32** ($46.88 x 9 hours x 21 weeks) in unpaid overtime wages.

*Plaintiff, Angel Murillo's Overtime Violations*

49. ANGEL MURILLO worked for Defendants as Carpenter's Assistant from on or about April 4, 2023 to August 27, 2023

50. During this time ANGEL MURILLO regularly worked more than 40 hours per week.

51.  ANGEL MURILLO regular hourly rate of pay for all hours worked was $20.00 and his overtime rate was $30.00

52.  ANGEL MURILLO worked between 46 and 56 hours per week.

53.  ANGEL MURILLO was not paid time and a half for any hours worked in excess of 40 hours each week as required by the FLSA. Rather he was paid for all hours worked at his regular rate.

54.  Accordingly, ANGEL MURILLO is owed approximately **$2,090.00** ($10 x 11 hours x 19 weeks) in unpaid overtime wages.

Collective Action Allegations

55.  Plaintiffs bring this action pursuant to the FLSA.

56.  Plaintiffs contend that Defendants, in this case, violated the Fair Labor Standards FLSA by failing to pay Plaintiffs and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

57.  This action is intended to include every carpenter, installer, and any similarly situated individuals who worked for Defendants during the relevant time period.

**COUNT I
FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA
AGAINST ALL DEFENDANTS**

35.  Plaintiffs adopt and reallege all allegations contained in Paragraphs 1 through 58, as if fully set forth herein.

36.  Plaintiffs bring this cause of action as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA, on behalf of Plaintiffs and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty

(40) hours during one or more weeks between March 2023 and August 2023, (the "material time") without being adequately compensated

37. Plaintiffs were employed with Defendants as carpenters and installers for ORBALLO during the relevant time period.

38. The FLSA, specifically 29 U.S.C. § 207, requires that employees who work in excess of 40 hours per week be compensated at an hourly rate of one and one half time their regular rate of pay for all hours worked in excess of 40 hours.

39. As set forth above, Plaintiffs were not paid time and a half for any hours they worked in excess of 40 hours per week.

40. While employed by Defendants, Plaintiffs worked regularly between 42 and 56 hours per week.

41. Plaintiffs kept track of their hours, and Defendants was in absolute control of Plaintiffs' schedule and activities. Defendant knew the hours that Plaintiffs and other similarly situated individuals were working.

42. Therefore, Defendants willfully failed to pay Plaintiffs overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7(a) of the Fair Labor Standards Act of 1983 (29 USC 207(a)(1)).

43. The records, if any concerning the number of hours worked by Plaintiffs and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants.

44. Accordingly, Plaintiffs' calculations above are a good faith estimate of the average hours they worked during the relevant time period.

45. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief. Accordingly, Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

46. At all times, material hereto, the Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendant made no provisions to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

47. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act, and Plaintiff and those similarly situated are entitled to recover double earnings.

48. Defendants willfully and intentionally refused to pay Plaintiffs overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States and remains owing Plaintiffs these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

49. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action, and he is obligated to pay a reasonable Attorney's fee.

WHEREFORE, Plaintiffs demands judgment against the Defendants for payment at the rate of time and one half for all hours worked in excess of forty (40) per workweek for which he has not been paid, liquidated damages, reasonable attorney's fees and costs of suit, and for all proper relief including pre-judgment interest.

PRAYER FOR RELIEF

Wherefore, Plaintiffs RAMON MURILLO, ALEX GAMIO, CARLOS MURILLO, NELSON, ANDINO, and ANGEL MURILLO and those similarly situated respectfully request that this Honorable Court:

A.  Enter judgment for Plaintiffs RAMON MURILLO, ALEX GAMIO, CARLOS MURILLO, NELSON, ANDINO, and ANGEL MURILLO and other similarly situated individuals and against Defendants based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B.  Award Plaintiffs RAMON MURILLO, ALEX GAMIO, CARLOS MURILLO, NELSON, ANDINO, and ANGEL MURILLO actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C.  Award Plaintiffs RAMON MURILLO, ALEX GAMIO, CARLOS MURILLO, NELSON, ANDINO, and ANGEL MURILLO an equal amount in double damages/liquidated damages; and

D.  Award Plaintiffs RAMON MURILLO, ALEX GAMIO, CARLOS MURILLO, NELSON, ANDINO, and ANGEL MURILLO reasonable Attorney's fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY TRIAL DEMAND

Plaintiffs demand trial by jury of all issues triable by a jury.

Date: December 26, 2023                     Respectfully submitted,

/s/Suhaill M. Morales_____
Suhaill M. Morales
Florida Bar No. 84448
SMM Law P.A.
5803 NW 151 Street, Suite 205
Miami Lakes, FL 33014
305-518-7026
Smorales@smmlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 26, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/Suhaill M. Morales_____