IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

RAMON MURILLO, ALEX GAMIO,
CARLOS MURILLO, NELSON ANDINO,
and ANGEL MURILLO and all others
similarly situated under 29 U.S.C. 216(b),
        Plaintiff,

vs.

ORBALLO STUDIO, LLC f/k/a
DESIGN E'TE, LLC, a Florida for profit
Corporation, MARIBEL MUNIZ, an
Individual, and MARCOS CRESPO,
an individual
        Defendants.
_____/

CASE NO.: 1:23-cv-24888-PCH

## JOINT MOTION TO APPROVE THE PARTIES' SETTLEMENT AGREEMENT AND FOR DISMISSAL WITH PREJUDICE

Plaintiffs and Defendants, through their respective undersigned counsel, hereby file this Joint Motion to Approve Settlement and to Dismiss with Prejudice, and state the following in support thereof:

1. Plaintiffs filed the instant action alleging that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by allegedly misclassifying them and not paying them overtime wages.

2. To avoid the costs and the uncertainty of litigation, after extensive negotiations, and after the conduct of factual and legal research, the Parties reached a settlement between them that fully resolves all of Plaintiffs' claims, including those for attorney's fees and costs.

3. Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor. Accordingly, the Parties request that the Court

approve the Settlement Agreement and Mutual Release entered into by the Parties, a copy which is attached as **Exhibit A**.

4. Under the parties' Settlement Agreement and Mutual Release, Plaintiffs will receive consideration from Defendants for potential overtime wages and other wages they could be owed based upon the time records of their hours worked per week. Plaintiffs will also receive an additional sum as consideration for alleged liquidated damages under the FLSA.

5. Defendants also agreed to pay a compromised amount in resolution of all of Plaintiffs' claims for attorney's fees and costs, which consideration is distinct from the amounts being paid to resolve each Plaintiff's underlying claim. As numerous Courts have held, where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti v. Embarq Mgmt. Co.*, 2009 U.S. Dist. LEXIS 68075, at *11–12 (M.D. Fla. Aug. 4, 2009).

6. The amount of this settlement to Plaintiffs is fair and reasonable given the likelihood of success on the merits of the claims and the costs of litigating this matter. This settlement arrived at after considerable and extensive negotiation by the Parties.

7. As part of the settlement reached between the Parties, Plaintiffs agree to dismiss this action with prejudice upon approval by the Court of the Settlement Agreement and Mutual Release, and upon condition that the Court retain jurisdiction to enforce the Parties' obligations under the Settlement Agreement and Mutual Release.

8. Plaintiffs and Defendants stipulate that the settlement is a fair and reasonable settlement of the controversies involved in this case and comports with the policies underlying the FLSA.

WHEREFORE, the Parties respectfully request that this Court enter an Order approving the attached Settlement Agreement and Mutual Release, dismissing the claims made by Plaintiffs against Defendants in this action with Prejudice, and for the Court to retain jurisdiction to enforce the Parties' obligations under the Settlement Agreement and Mutual Release.

Respectfully submitted this 27th day of March 2024.

| /s/ Roberto Villasante<br>Roberto Visallasante, Esq.<br>Florida Bar No. 437141<br>4000 Ponce De Leon Blvd. Suite 470<br>Coral Gables, Florida 33146<br>Tel: (305) 373-6548<br>Fax: (305) 373-6568<br>Email: rvillasante@villasantelaw.com<br>Attorney for Defendants | /s/Suhaill M. Morales<br>Suhaill M. Morales, Esq.<br>Florida Bar No. 84448<br>SMM Law P.A.<br>5803 NW 151 Street, Suite 205<br>Miami Lakes, FL 33014<br>305-518-7026<br>Smorales@smmlawfirm.com<br>Attorney for Plaintiffs |
|---|---|